UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORBES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL MALLEY, et al.,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-01111-LJO-MJS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a county jail inmate proceeding pro se and in forma pauperis in this complaint brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.　　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

///

**III.     Plaintiff's Allegations**

Plaintiff is detained at the Kern County Jail. He names Bakersfield Police Office Michael Malley and Probation Officer Adrian Adriana as Defendants.

His allegations may be summarized essentially as follows:

Adriana arrested Plaintiff in March 2017. Instead of taking Plaintiff to the jail to be booked, she started to take him to the Bakersfield police. To avoid talking to the police, Plaintiff faked "heartache" and Adriana took him to the hospital. Bakersfield police officers came to Plaintiff's location and took over the arrest. Adriana told him that the Bakersfield police were going to "kick [his] ass."

Plaintiff was guilty of violating a restraining order but Malley fabricated his report to state that Plaintiff also threatened to kill his wife. This act would have constituted a felony, and would have been a third strike for Plaintiff. However, the District Attorney dropped the fabricated charges.

Due to the stress of this incident, Plaintiff experienced high blood pressure, headaches, lack of appetite, weight loss, loss of friends, and time away from loved ones.

Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights. He seeks relief restricting Defendants' employment, compliance with state law, and monetary damages.

**IV.     Analysis**

**A.     Abstention**

It does not appear that Plaintiff is presently facing charges in relation to the above-described incidents. However, to the extent he is, the Court must abstain from reaching any such claims. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (

3

"When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

**B.     Heck Bar**

It also is unclear whether Plaintiff has been convicted and sentenced in relation to any of the charges at issue in this case. To the extent he has, his section 1983 claim is likely barred absent invalidation of the conviction:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

If Plaintiff chooses to amend, he should state in the amended complaint if charges are currently pending or he has been convicted in relation to this incident. The Court will

4

here provide Plaintiff with the legal standards applicable to what appear to be his intended claims for his guidance if he chooses to amend.

### C. Fifth Amendment

Plaintiff alleges a due process violation under the Fifth Amendment.

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Here, Plaintiff names only County officials. He does not state a Fifth Amendment claim.

### D. Fourteenth Amendment

Plaintiff also claims a violation of his Fourteenth Amendment due process rights. This claim appears to be based on the filing of a false police report.

The filing of a false police report itself does not amount to a constitutional violation. However, it can provide the basis for a § 1983 action where it results in some constitutional harm to the plaintiff. See, e.g., Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980) ("[T]he mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983."); Bronner v. S.F. Superior Court, 2010 U.S. Dist. LEXIS 80503, at * 15, 2010 WL 2650500 (N.D. Cal. July 1, 2010) ("Numerous courts have held that the fact that a false, incomplete or fraudulent police report has been filed is insufficient to state a § 1983 claim. . . . As these cases make clear, there must be some constitutional deprivation that flows from the report.").

In this case, Plaintiff alleges that the falsified charges ultimately were dismissed. Although Plaintiff was detained on these charges, he also was detained for violation of a restraining order, an act which he concedes he committed. Thus, it does not appear that any false report resulted in the deprivation of Plaintiff's liberty, or any other constitutional violation.

Plaintiff will be given leave to amend, in the event he is able to state facts to support such a claim.

### C. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff does not link Defendant Adriana to any constitutional violation. He therefore fails to state a claim against her. He will be given leave to amend.

### V. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: September 10, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE