UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORBES, | No. 1:17-cv-01111-LJO-MJS (HC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO PROSECUTE BASED ON FAILURE TO PROVIDE A CURRENT ADDRESS |
| MICHAEL MALLEY, | |
| Respondent. | |
| | FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis with a civil rights complaint brought pursuant to 42 U.S.C. § 1983.

On September 11, 2017, the Court screened Plaintiff's complaint and concluded it failed to state a cognizable claim. (ECF No. 4.) Plaintiff was given leave to amend. (Id.) On September 25, 2017, the Court's screening order was returned as undeliverable, with a notation that Plaintiff was no longer in custody.

Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court

1

1  may dismiss the action without prejudice for failure to prosecute."

2  The Court has authority to dismiss an action for failure to prosecute and failure to follow court rules. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on this basis, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, more than 63 days have passed since Plaintiff's mail was returned, and Plaintiff has not notified the Court of his new address. There is no question that he is violation of Court rules and has failed to prosecute this action. The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to

defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court finds no less drastic alternative available. See Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. Plaintiff has not paid the filing fee in this action and likely is unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY RECOMMENDED that the action be dismissed without prejudice for failure to prosecute based on Plaintiff's failure to provide a current address.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  December 5, 2017             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE